# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| JASON PETRIE and CHRISTINA PETRIE, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-14-411 |
| | § | |
| WELLS FARGO BANK, N.A. and FEDERAL | § | |
| NATIONAL MORTGAGE ASSOCIATION, | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

Pending before the court is plaintiffs Jason Petrie and Christina Petrie's amended motion to remand. Dkt. 22. Having considered the motion, response, other relevant documents in the record, and the applicable law, the court is of the opinion that the motion should be GRANTED.

## I. BACKGROUND

This is a breach of contract and unfair debt collection case related to a foreclosure. Dkt. 5-9. The Petries filed their claim against Wells Fargo Bank, N.A. ("Wells Fargo"), Federal National Mortgage Association ("FNMA"), and Barrett, Daffin, Frappier, Turner, and Engel, L.L.P. ("BDFTE") in the 434th District Court of Fort Bend County, Texas, on May 1, 2012. *Petrie v. Wells Fargo*, Case No. 4:12-cv-01453 (hereinafter, *Petrie I*), Dkt. 7-2. On May 10, 2012, Wells Fargo and FNMA removed the case to this court. *Petrie I*, Dkt. 1. In the notice of removal, Wells Fargo and FNMA asserted that the court had federal question jurisdiction because FNMA's corporate charter states that it may sue and be sued in federal court, and that the court had diversity jurisdiction because neither Wells Fargo nor FNMA were Texas citizens and BDFTE's citizenship should be

disregarded as BDFTE was improperly joined. *Id.* Wells Fargo and FNMA asserted that there was no possibility that the Petries would be able to prevail in their claims against BDFTE. *Id.*

The Petries filed a motion to remand, asserting that under 28 U.S.C. § 1723a, FNMA may be sued in federal or state court and that the court could not exercise diversity jurisdiction because BDFTE, a Texas corporation, was properly joined. *Petrie I*, Dkt. 7. On July 23, 2012, Judge Hittner, in a well-reasoned opinion, determined that (1) Wells Fargo and FNMA failed to meet their burden of establishing federal question jurisdiction; and (2) Wells Fargo and FNMA failed to meet their burden of showing that there was no possibility that the Petries would prevail against BDFTE under Texas law. *Petrie I*, Dkt. 12. The court therefore remanded the case to the 434th Judicial District Court of Fort Bend County, Texas. *Id.*

After remand, Wells Fargo, FNMA, and BDFTE attempted to obtain summary judgment. Dkts. 22, 26. The state court denied the motions for summary judgment. Dkts. 9-8, 9-9. However, during the hearing on BDFTE's motion, the judge allegedly remarked that he did not see how the Petries would be able to successfully prove their claims against BDFTE in front of a jury.[1] Dkt.22. Following that hearing, the Petries nonsuited BDFTE on February 6, 2014. *Id.*; Dkt. 10-1. The Petries assert that they decided to nonsuit BDFTE rather than spend time and money relating to BDFTE's participation in depositions that were already scheduled given the judge's comments about the likelihood of success on the claims against BDFTE. Dkt. 22.

Wells Fargo and FNMA removed the case a second time on February 19, 2014. Dkt. 1. Wells Fargo and FNMA assert that the case is removable because (1) there is complete diversity now

---

[1] The Petries indicated that they would supplement the record with a transcript of the hearing as soon as it became available. Dkt. 22 at 7 n.15. The court has not received the transcript, but Wells Fargo and FNMA do not contest that the state court judge made this statement in their response to the motion to remand. *See* Dkt. 26.

that BDFTE is no longer a party; and (2) even though the case has been on file more than a year, which makes it unremovable on the basis of diversity jurisdiction under the removal statute, the court should deem the removal timely because BDFTE was joined in bad faith. Dkt. 1.

The Petries filed a motion to remand, in which they argue that the second removal is improper because (1) Wells Fargo and FNMA waived their right to remove by seeking a disposition of the case on the merits in the state court; and (2) even if Wells Fargo and FNMA did not waive the right to remove, there is no basis for an equitable exception to the one-year removal period because the Petries did not join BDFTE in bad faith and only nonsuited BDFTE after the judge indicated the claims may not be successful. Dkt. 22. The Petries request that the court award them attorneys' fees and costs because Wells Fargo and FNMA's removal of this case was not objectively reasonable. *Id.*

## II. Legal Standard

For cases that defendants wish to remove based on diversity of citizenship, a "case may not be removed . . . more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." Fed. R. Civ. P. 1446(c)(1). This one-year limitation is not jurisdictional, and the Fifth Circuit has recognized an exception to the one-year rule where "[s]trict application of the one-year limit would encourage plaintiffs to join nondiverse defendants for 366 days simply to avoid federal court, thereby undermining the very purpose of diversity jurisdiction." *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 427 (5th Cir. 2003). A court may estop a plaintiff from relying on the limit where the "plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights" (the *"Tedford* Equitable Exception"). *Id.* at 428–29. Courts must determine, based on a review of the parties' conduct, whether "it is equitable

3

to strictly apply the one-year limit." *Id.* at 426. This review includes a determination whether the defendant has waived its right to remove the case. "A waiver of the right to remove must be clear and unequivocal; the right to removal is not lost by participating in the state court proceedings short of seeking an adjudication on the merits." *Id.* at 428. A court must also, as part of the analysis, balance the *Tedford* exception with the general rule construing removal jurisdiction strictly because any "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). "Contested issues of material fact, and any ambiguity or uncertainty in the controlling state law, are resolved in the plaintiff's favor." *Carter v. Wachovia Mortg., FSB*, 641 F. Supp. 2d 602, 606 (N.D. Tex. 2009) (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir. 1995)).

### III. ANALYSIS

#### A.     Waiver of Right to Remove

The Petries contend that Wells Fargo and FNMA have waived their right to remove this case because they affirmatively sought disposition of all their claims in state court by filing a motion for summary judgment. Dkt. 22. Wells Fargo and FNMA argue that they did not intentionally relinquish a known right by moving for summary judgment in state court because they moved for summary judgment after Judge Hittner remanded the case but before the Petries nonsuited BDFTE. Dkt. 26. They assert that the waiver rule applies only if a defendant affirmatively seeks disposition of the case after the right to remove becomes ascertainable. *Id.*

The court agrees with Wells Fargo and FNMA. At the time they moved for summary judgment, Judge Hittner had already ruled that BDFTE was not improperly joined, and BDFTE, a non-diverse defendant, was still in the case. Thus, there were no grounds for Wells Fargo and FNMA to remove the case. There is no evidence that Wells Fargo and FNMA attempted to seek an

4

adjudication on the merits after the Petries nonsuited BDFTE. Thus, there was no clear and unequivocal waiver of the right to remove.

**B.    Equitable Exception to One-Year Rule–Timing of Non-Suit**

Regardless, the Petries argue there was no right to remove in the first instance, as section 1446 prohibits removal more than one year after commencement of the action when a case is removed on the basis of diversity. Dkt. 22. The second removal occurred more than one year and nine months after the action commenced. Wells Fargo and FNMA assert that the court should apply the *Tedford* Equitable Exception to the one-year removal bar because the Petries kept BDFTE in the case until after the one-year deadline in bad faith. Dkt. 26.

The court agrees with the Petries that section 1446(c) bars removal and disagrees with Wells Fargo and FNMA about the applicability of the *Tedford* Equitable Exception. Judge Hittner ruled that BDFTE was not improperly joined. *Petrie I*, Dkt. 12. The state court judge denied BDFTE's motion for summary judgment. Dkt. 9-9. While Wells Fargo and FNMA insist that the Petries should have known long before they nonsuited BDFTE that their claims had no merit, Judge Hittner remanded the case to state court because he determined that "the Petries do have the potential to recover from BDF[TE]," and the state court judge—right before the Petries nonsuited BDFTE, denied BDFTE's motion for summary judgment. *Petrie I*, Dkt. 12; Dkt. 9-9. Thus, notwithstanding Wells Fargo and FNMA's insistence that there were no cognizable claims against BDFTE, there was at least a possibility of recovery up until the time the Petries nonsuited BDFTE. Of course, as the state court judge apparently indicated, there is a difference between having a possibility of recovery and whether there is actually a probability of recovery. The court finds no bad faith in the fact that the Petries decided after hearing the state-court judge's assessment not to continue to hedge their bets on a mere possibility. The fact that the Petries waited until nine months after the removal deadline

5

to nonsuit BDFTE further supports the court's conclusion that the Petries' decision was based on the judge's comments and not on some iniquitous plan to avoid a second removal. Thus the court finds the Petries' stated reason for the timing of the nonsuit credible.

## C.     Equitable Exception to One-Year Rule–Other Cases Involving the Petries' Counsel

Wells Fargo and FNMA argue that courts have found in most if not all of the matters filed by the Petries' counsel that involve claims and causes of action identical to the Petries' that the plaintiffs had no cognizable claims against their lenders and lender's counsel. Dkt. 26. Wells Fargo and FNMA assert that the outcomes of all these other cases provide evidence that the Petries knew long before they nonsuited BDFTE that the claims against BDFTE had no merit. *Id.* The Petries argue that the results of other unrelated cases, "whether real or supposed," are "wholly irrelevant" to the actions of the Petries' counsel in this case. Dkt. 22.

The court agrees, for the most part, with the Petries. Two judges have found in *this particular case* that the Petries had at least a colorable claim against BDFTE. While certainly it is wise for counsel to consider whether they have been successful in other cases involving the same or similar claims, which they likely did when deciding the nonsuit BDFTE, the court finds the decisions of the judges considering the merits of this particular case substantially more convincing than the decisions of judges or counsel in other cases. Moreover, as Wells Fargo and FNMA suggest, when Judge Hittner remanded the case "authority in this area was developing." Dkt. 26. They note that since the remand, "dozens of federal and state courts have found identical claims and causes of action meritless." Dkt. 26. However, they cite to no binding case that dramatically changed the legal landscape before the one-year removal deadline. It would be inappropriate to impose an arbitrary date by which the Petries should have known that the caselaw had evolved to such a point that no

judge would allow their claims to go forward—particularly since the state-court judge in this case *did* allow the claims to go forward right before the Petries nonsuited BDFTE.

The court finds that there was no bad faith associated with the Petries' decision to nonsuit BDFTE. Because there was no bad faith, the *Tedford* Equitable Exception to the one-year bar to removal does not apply. Accordingly, Wells Fargo and FNMA's removal was untimely. The Petries' motion to remand is GRANTED.

**D.     Attorneys' Fees**

The Petries assert that Wells Fargo and FNMA did not have objectively reasonable grounds to remove this case and that the court should thus award the Petries costs, expenses, and attorneys' fees incurred in the removal. Dkt. 22. Under 28 U.S.C. § 1447(c), an "order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "The application of § 1447(c) requires consideration of the propriety of the removing party's actions based on an objective view of the legal and factual elements in each particular case." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). "[T]he question we consider in applying § 1447(c) is whether the defendant had objectively reasonable grounds to believe the removal was legally proper." *Id.*

Wells Fargo and FNMA argue that the Petries' argument that the removal was not reasonable is based on the argument that Wells Fargo and FNMA waived removal by seeking a full adjudication on the merits. Dkt. 26. However, the Petries also note, in their argument for attorneys' fees, expenses, and costs, that "Defendants' counsel attended the summary judgment hearing and also heard Judge Shoemake's comments concerning Plaintiff's claims against BDF[TE] and knew that was precisely the reason Plaintiffs nonsuited BDF[TE] . . . ." Dkt. 22.

The court finds that the removal in this case after one year and nine months was not objectively reasonable.  The Petries did not nonsuit BDFTE a year and a day after they brought the claim, they waited until almost nine months after the removal deadline and defended against motions for summary judgment in the interim.  If their plan all along was to dismiss BDFTE after the removal deadline, surely they would have done so sooner.  Wells Fargo and FNMA do not have a reasonable argument that the *Tedford* Equitable Exception should apply.  The court therefore finds that the removal was not objectively reasonable.  However, the court does not find it so outrageous as to award attorneys' fees, expenses, *and* costs.  The Petries' request for attorneys' fees, expenses, and costs incurred due to the removal is GRANTED IN PART AND DENIED IN PART.  Each party shall bear its own attorneys' fees.  However, Wells Fargo and FNMA are hereby ORDERED to reimburse the Petries for the costs associated with the removal.

## IV. Conclusion

The Petries' motion to remand (Dkt. 22) is GRANTED.  This case is hereby REMANDED to the 434th Judicial District Fort Bend County, Texas.  The Petries' request for costs, expenses, and attorneys' fees incurred due to the removal is GRANTED IN PART AND DENIED IN PART.  Each party shall bear its own attorneys' fees.  However, Wells Fargo and FNMA are hereby ORDERED to reimburse the Petries for the costs associated with the removal.

Signed at Houston, Texas on April 22, 2014.

_____
Gray H. Miller
United States District Judge